UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDREW BALDWIN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>TACOMA POLICE DEPARTMENT,<br><br>　　　　　　Defendant. | CASE NO. 3:23-cv-06115-DGE<br><br>ORDER ON OBJECTIONS (DKT. NO. 7) TO REPORT AND RECOMMENDATION (DKT. NO. 6) |

　　　　Before the Court are Plaintiff Andrew Baldwin's objections (Dkt. No. 7) to the Report and Recommendation ("R&R") of United States Magistrate Judge Theresa L. Fricke (Dkt. No. 6), which recommends dismissal of Plaintiff's complaint (Dkt. No. 4).

　　　　Prior to issuing the R&R, Judge Fricke provided Plaintiff two opportunities to show cause why this case should not be dismissed or to file an amended complaint, identifying in each order the deficiencies Plaintiff needed to cure in order to proceed. (Dkt. Nos. 2, 5.) Plaintiff filed a proposed amended complaint in response to the first order to show cause. (Dkt. No. 4.)

ORDER ON OBJECTIONS (DKT. NO. 7) TO REPORT AND RECOMMENDATION (DKT. NO. 6) - 1

1  Judge Fricke's second order to show cause found the amended complaint deficient on the basis
2  that Plaintiff again failed to provide more than conclusory allegations and failed to show how
3  any act taken by defendants constituted a violation of Plaintiff's constitutional rights.  (Dkt. No.
4  5 at 4.)  Plaintiff did not respond to the second order to show cause.  Accordingly, Judge Fricke
5  issued an R&R recommending dismissal of this case for failure to prosecute.  (Dkt. No. 6 at 1.)

6       Having reviewed *de novo* Plaintff's objections, the R&R, and the remaining record, the
7  Court ADOPTS the R&R.  (Dkt. No. 6.)  While Plaintiff's objections ask the Court to decline to
8  dismiss his case and appoint Plaintiff counsel, and describe at length conduct of officers that he
9  contends represents discrimination against him (Dkt. Nos. 7, 8, 9), Plaintiff's objections do not
10 identify any specific error in the R&R or explain his failure to timely respond to Judge Fricke's
11 second order to show cause.  *See* Fed. R. Civ. P. 72(b)(2) (objections to an R&R must be
12 "specific").

13      Even liberally construing the narrative in Plaintiff's objections as an attempt to amend
14 Plaintiff's complaint, the Court would not find a different result warranted.  Plaintiff does not
15 identify specific claims against each Defendant; show how the non-conclusory facts alleged, if
16 true, would give rise to constitutional violations; or identify a cognizable legal theory underlying
17 his allegations.  For instance, while Plaintiff contends "[a]n illegal search and seizure were done .
18 . . after [he] was released from jail," Plaintiff does not provide facts which, if taken as true,
19 would support that conclusion. (Dkt. No. 7 at 6.)  And while Plaintiff contends "Libel/Slander
20 definitely occurred" by officers (*id.*; *see also* Dkt. No. 9), claims for defamation "do not rise to
21 the level of a federal constitutional violation" under § 1983.  *Whatley v. Gray*, 2018 WL 828200,
22 at *2 (S.D. Cal. Feb. 8, 2018).

1  The Court accordingly DISMISSES this action without prejudice for failure to prosecute
2  and failure to state a claim for relief.  Plaintiff's application to proceed *in forma pauperis* (Dkt.
3  No. 1) is DENIED.  The Clerk is directed to send copies of this order to Plaintiff.
4  Dated this 6th day of May 2024.

David G. Estudillo
United States District Judge